# KURKOWSKI LAW, LLC
**By: Daniel M. Kurkowski, Esquire (020822006)**
1252 Route 109 S.
Cape May, New Jersey 08204
(609) 884-1788; Fax (609) 884-1163
Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN, NEW JERSEY

| | |
|---|---|
| DEBORAH MCDADE,<br><br>*Plaintiff*,<br><br>v.<br><br>CHURCHILL LINEN SERVICE, INC. d/b/a WILDWOOD LINEN SERVICE; JOHN DOE ENTITIES (Pl. 1-5) AND INDIVIDUALS (Pl. 1-5),<br><br>*Defendants*. | CASE NO.:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND** |

## COMPLAINT

Plaintiff, Deborah McDade, residing on W. Taylor Avenue in Wildwood, New Jersey 08260, by way of Complaint as against the Defendants, states the following:

## INTRODUCTION

Plaintiff, Deborah McDade, brings this Complaint seeking recovery against Defendant for Defendant's violation of the Family and Medical Leave Act of 1993, codified at 29 U.S.C. §2601 *et seq*. and its correlating regulations (hereinafter collectively referred to as "FMLA") for interference and retaliation (COUNT ONE); and violations of the New Jersey Family Leave Act codified at N.J.S.A. 34:11B-1-16, *et seq*., and its administrative regulations (hereinafter collectively referred to as "NJFLA") (COUNT TWO).

1

## PARTIES

1. Plaintiff, Deborah McDade (hereinafter "Plaintiff"), is an individual and citizen of the County of Cape May County and the State of New Jersey.

2. Defendant, Churchill Linen Service, Inc. d/b/a Wildwood Linen Service (hereinafter "Defendant"), is a commercial laundry service in the County of Cape May County and the State of New Jersey.

3. Defendant, John Doe Entities (Pl. 1-5) and Individuals (Pl. 1-5), are unknown to Plaintiff at this time and Plaintiff seeks to preserve her rights to amend the Complaint pursuant to the John Doe Rule if additional names of individuals or other business entities become known.

## JURISDICTION AND VENUE

1. This judicial district has jurisdiction of this matter and venue is appropriate in this judicial district as a substantial part of the events or omissions giving rise to the claims herein occurred in this judicial district; and, Defendant has sufficient contacts in this jurisdiction to be subject to personal jurisdiction herein.  28 U.S.C. §1391(b).

2. This Court has jurisdiction over this matter because Plaintiff is asserting a violation of her rights under The Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq*.

3. This Court also has supplemental subject matter jurisdiction over the state law claims pled in this Complaint.  28 U.S.C. §1367.

## FACTS RELEVANT TO ALL COUNTS

1. Plaintiff was hired by Defendant in or about 1989 as a laborer and machine operator. Plaintiff's work duties included feeding linens into the machines to be cleaned, pressed, and folded.

2. Very unfortunately, during Plaintiff's employ with Defendant, her husband was diagnosed with renal cell carcinoma, also known as stage IV kidney cancer.

3. Nevertheless, Plaintiff continued her employ with Defendant.

4. On or about January 31, 2021, Plaintiff took a medical leave of absence to help care for her husband, under the FMLA and NJFLA. Plaintiff's husband needed assistance to take medication, care for himself, and attend doctor appointments and cancer treatment sessions. Plaintiff's leave of absence continued up until approximately March 14, 2021.

5. Plaintiff returned to work on or about March 15, 2021.

6. Very unfortunately, on or about May 6, 2021, Plaintiff received a phone call from her husband while she was working for Defendant. Plaintiff learned not only that her husband's health had grown worse, but also that he had fallen and badly injured himself. Plaintiff's husband was in dire need of immediate medical care. Plaintiff immediately obtained permission to leave work from her supervisor Fred Hammar and left to be with her husband.

7. The following day, on or about May 7, 2021, Plaintiff called Defendant informing Defendant of the situation from the day prior and that Plaintiff would need to take another leave of absence under the FMLA/NJFLA. Plaintiff's medical leave was approved.

8. Plaintiff's FMLA/NJFLA leave commenced May 7, 2021, and she accompanied her husband to Temple University Hospital in Philadelphia for a Post Radiation Treatment Appointment.

9. Plaintiff avers she kept contact with Defendant and intermittently updated them of her husband's health and treatment via phone call.

10. During Plaintiff's medical leave under FMLA/NJFLA, between the period of May 7, 2021, and June 17, 2021, Plaintiff accompanied her husband to doctor appointments and cancer treatments, including chemotherapy and medical testing. Plaintiff avers that many of the

appointments she accompanied her husband to required travel outside of Cape May County and/or the State of New Jersey.

11. Plaintiff avers that Defendant assured her that she would be able to return to her previous position and schedule when she returned to work.

12. However, on or about June 16, 2021, at approximately 2:30PM, Plaintiff received a call from Defendant's Secretary, Ms. Cunco, who stated that if Plaintiff does not return to work the following day, June 17, 2021, Defendant would terminate her.

13. Plaintiff avers that she attempted to return to work the morning of June 17, 2021, at approximately 7AM. Plaintiff avers that she was ready, willing, and able to return to work that day, but was denied permission from Defendant to enter the building and work that day.

14. Once Plaintiff arrived at Defendant's facility, Ms. Cunco asked Plaintiff, "What are you doing here," and would not allow Plaintiff to enter the facility. Ms. Cunco then entered the facility to call Defendant's HR department, forcing Plaintiff to wait outside.

15. Defendant's HR Representative, Ellen "Doe," then arrived in-person and notified Plaintiff that she is terminated.

16. Plaintiff avers that from the date of her hire, up to and including the date of her termination, a time of approximately 32 years, she was a faithful employee of Defendant's, and never, in any form, received a write up, notice of performance issues, or progressive disciplinary action of any kind.

17. As a result of Defendant's FMLA and NJFLA interference and retaliation, Plaintiff lost her sole source of income and way of providing for her husband, who is in treatment for renal cell carcinoma.

18. Plaintiff avers that Defendant did not once ask for any additional paperwork, documentation,

or doctor's notes regarding Plaintiff's request for medical leave, nor did Defendant provide Plaintiff with any written or formal notice of such leave and official deadline to return back to work.

19. Plaintiff avers that Defendant never, at any time, provided any eligibility notice, rights and responsibilities notice, and designation notice, as necessitated in 29 CFR §825.300(b-d).

20. On return from FMLA leave, an employee is entitled to be returned to the same position the employee held when leave commenced, or to an equivalent position with equivalent benefits, pay, and other terms and conditions of employee. An employee is entitled to such reinstatement even if the employee has been replaced or the position has been restructured to accommodate the employee's absence, codified at 29 CFR §825.106(e).

21. It is unlawful for an employer to interfere with, restrain, or deny the exercise of an employee's FMLA rights, codified at 29 CFR §825.220(a).

## COUNT ONE (Interference & Retaliation under the FMLA)

22. This Count One is brought against Defendant for interference and retaliation under the Family and Medical Leave Act of 1993 (hereinafter referred to as FMLA), codified at 29 USC § 2601 *et seq*. and its correlating regulations at 29 CFR 825 *et seq*.

23. This Count One is brought specifically for Defendants' violation of the FMLA for interference with Plaintiff's right to exercise medical leave and retaliation.

24. Defendants failed to allow Plaintiff to return to her position (or any position) at the conclusion of her FMLA leave, constituting an interference with her rights under the FMLA.

25. Plaintiff was terminated upon the end of her FMLA leave constituting an interference with her rights under the FMLA.

26. Defendants completely failed to provide Plaintiff with proper notices of her right to medical

leave under the FMLA. Failing to provide such notice constitutes an interference with, restraint, or denial of Plaintiff's FMLA rights.

27. Defendant conduct constitutes retaliation against Plaintiff under the FMLA.

28. As a proximate and direct result, Plaintiff's rights were offended and violated under the FMLA for interference and retaliation causing Plaintiff to suffer substantial economic loss; loss of income and other pecuniary harm; diminished career opportunity; harm to her business reputation; disruption to her family life; loss of self-esteem; emotional trauma and distress; physical injuries and manifestations, and other harm, pain and suffering.

29. **WHEREFORE**, Plaintiff brings this Count as against Defendants and John Doe Entities (Pl. 1-5 and John Doe Individuals (Pl. 1-5), jointly, severally and in the alternative for violations of the FMLA, and seeks that this Court enter a judgement declaring that the acts and practices complained of herein are in violation of the FMLA and directing Defendants to pay:

a. compensatory damages,

b. front and back pay,

c. emotional distress damages,

d. interests,

e. lost benefits (if any),

f. punitive damages,

g. reasonable attorney's fees and costs,

h. liquidated damages prescribed under the FMLA,

i. and granting all other such relief that a judge or a jury may deem just and appropriate.

### COUNT TWO (Interference & Retaliation under the NJFLA)

30. This Count Two is brought against Defendants and John Doe Entities (Pl. 1-5) and John Doe

Individuals (Pl. 1-5) for interference and retaliation under the New Jersey Family Leave Act ("NJFLA").

31. An employee of an employer in the State of New Jersey is entitled to a family leave of 12 weeks in any 24-month period, codified at N.J.S.A. 34:11B-4.

32. Plaintiff was also eligible for leave under the NJFLA.

33. In the case of a family member who has a serious health condition, as in Plaintiff's case, the leave may be taken intermittently when medically necessary.

34. An employer shall inform employees of their rights and obligations under the NJFLA, pursuant to N.J.S.A. 34:11B-6.

35. An employee shall have the right to return their employer in the position previously held by the employee when the leave commenced or to an equivalent position of like seniority, status, employment benefits, pay, and other terms and conditions of employment, codified at N.J.S.A. 34:11B-7.

36. Defendant terminated Plaintiff on the date she was to return to work after her NJFLA protected leave constituting an interference with FMLA rights.

37. Defendant failed to provide Plaintiff with any notice of rights and to restore Plaintiff to her previous position or one of equivalence. Failing to provide such notice and/or restore her to her position constitutes an interference with, restraint, or denial of Plaintiff's NJFLA rights.

38. It shall be unlawful for an employer to interfere with, restrain, or deny the exercise of, or the attempt to exercise, the rights provided under this act or to withhold the benefits provided for under this act, codified at N.J.S.A. 34:11B-9.

39. As a result of Defendants' interference with Plaintiff's rights under NJFLA, Plaintiff was caused to suffer physical injuries and emotional distress.

40. **WHEREFORE**, Plaintiff brings this Count as against Defendant and John Doe Entities (Pl. 1-5) and John Doe Individuals (Pl. 1-5), jointly, severally and in the alternative for violations of the FMLA, and seeks that this Court enter a judgement declaring that the acts and practices complained of herein are in violation of the FMLA and directing Defendants to pay:

a. compensatory damages,

b. front and back pay,

c. emotional distress damages,

d. interests,

e. lost benefits (if any),

f. punitive damages,

g. reasonable attorney's fees and costs,

h. liquidated damages,

i. and granting all other such relief that a judge or a jury may deem just and appropriate.

                                          KURKOWSKI LAW, LLC


                                          */s/       Daniel Kurkowski*
                                          Daniel M. Kurkowski, Esq.
                                          Attorneys for Plaintiff

Dated: November 19, 2021

## CERTIFICATION

I hereby certify that there are no other actions to my knowledge pending in any Court concerning the subject matter of the Complaint contained herein. I further certify that there are no other parties to my knowledge who should be joined in this action at this time.

Nothing contained in this Complaint shall be construed or deemed an admission, of any

kind, against Plaintiff. This is not a verified complaint and is a document prepared by counsel.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

KURKOWSKI LAW, LLC

*/s/       Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: November 19, 2021

## DEMAND FOR JURY TRIAL

Plaintiff Demands trial by jury on all of the triable issues of this complaint, pursuant to Rule 38(b)(1).

## NOTICE OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Daniel M. Kurkowski, Esq. is hereby designated as Trial counsel in the above captioned litigation on behalf of Kurkowski Law, LLC, attorneys for Plaintiff.

KURKOWSKI LAW, LLC

*/s/       Daniel Kurkowski*
Daniel M. Kurkowski, Esq.
Attorneys for Plaintiff

Dated: November 19, 2021

## DEMAND TO PRESERVE EVIDENCE

1. All Defendants are hereby directed and demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's employment, to Plaintiff's cause of action and/or prayers for relief, to any defenses to the same, and pertaining to any party, including, but not limited to, electronic data storage, closed circuit TV footages, digital images, computer images, cache memory, searchable data, emails, spread sheet, employment files,

memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Instagram, Snapchat etc.) and any other information and /or data and/or things and/or documents, including specifically but not limited to the time cards, time sheets, and/or log books and all payroll records (both physical documents and electronic documents and/or data), which may be relevant to any claim or defense in this litigation.

2. Failure to do so will result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

                KURKOWSKI LAW, LLC

                */s/      Daniel Kurkowski*
                Daniel M. Kurkowski, Esq.
                Attorneys for Plaintiff

Dated: November 19, 2021